UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMITA FULGHEN,

    Plaintiff,

v.

                                Case No. 10-11148

                                Honorable Patrick J. Duggan

JOHN E. POTTER, Postmaster General,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 25, 2011.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On March 22, 2010, Damita Fulghen ("Plaintiff") filed this *pro se* action against John Potter, United States Postmaster General, alleging retaliation and employment discrimination on the basis of a disability, in violation of her rights under Title VII of the Civil Rights Act of 1964. Defendant filed a Motion for Summary Judgment on August 13, 2010, and the Court granted this Motion in an Opinion and Order dated November 16, 2010. Presently before the Court is Plaintiff's Motion for Reconsideration, filed on November 24, 2010 pursuant to Eastern District of Michigan Local Rule 7.1(h).

The Court grants a motion for reconsideration only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the

defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "to give an unhappy litigant one additional chance to sway the judge." *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Plaintiff points to alleged inconsistencies in the testimony of Defendant's employees, arguing that they were aware of her medical condition before imposing discipline. Plaintiff argues that the Court did not sufficiently weigh this evidence in its ruling. This alleged error, however, will not result in a different disposition of the case. Plaintiff suffered no adverse employment action, and therefore cannot establish a prima facie case of discrimination.

The Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, provides the exclusive remedy for a federal employee alleging employment discrimination based on a disability. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007). To establish a prima facie case of disability discrimination under the Rehabilitation Act, the plaintiff must show: (1) that she is disabled, (2) that she is otherwise qualified for the job, with or without reasonable accommodation, (3) that she suffered an adverse employment action, (4) that her employer knew or had reason to know of her disability, and (5) that, following the adverse action, either she was replaced by a non-disabled person or her position remained open. *Id.* at

404. In evaluating Rehabilitation Act claims, the Court looks to standards provided by the Americans With Disabilities Act. 29 U.S.C. § 794(d). Under the Americans With Disabilities Act, "[a]n adverse employment action has been defined as 'a materially adverse change in the terms and conditions of [a plaintiff's] employment.'" *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010) (alteration in original) (quoting *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 795 (6th Cir. 2004) (en banc)). Plaintiff's Letter of Warning did not modify the terms and conditions of her employment, and merely notified Plaintiff of an issue to allow her to correct it. Plaintiff's Notice of Suspension is not actionable, as it was rescinded before taking effect. A discrimination claim does not arise until a proposed action is implemented. *See Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 182 (6th Cir. 2004). Similarly, Plaintiff's schedule change for one week cannot support a discrimination claim due to its short duration. *See Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000). Having failed to identify an adverse employment action, Plaintiff cannot establish her prima facie case, and her disability discrimination claim fails as a matter of law. Thus, the alleged error will not result in a different disposition of the case. The Court cannot grant a motion for reconsideration on these grounds.

Plaintiff's retaliation claim suffers a similar defect. Retaliation claims under the Rehabilitation Act employ the same framework as Title VII retaliation claims. *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). Title VII requires the plaintiff to show that the employer's action would have dissuaded a reasonable worker from making a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct.

2405, 2415 (2006).  The Court has concluded that Defendant's alleged actions would not have dissuaded a reasonable worker from pursuing a discrimination claim, and therefore, cannot support a charge of retaliation.  After careful review, the Court finds no "palpable defect" in its conclusions.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:

Damita Fulghen
18651 Marlowe
Detroit, MI 48235

Vanessa Miree Mays, A.U.S.A.